UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ILIANEXIS CUEVAS<br>    Plaintiff<br><br>v.<br><br><br>NCO FINANCIAL SYSTEMS, INC.<br>    Defendant | CIVIL ACTION<br><br><br><br>JURY TRIAL<br>CLAIMED<br><br><br>SEPTEMBER 27, 2010 |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by a consumer who has been harassed and abused by Defendant collection agency. This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and includes pendent State law claims for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.* and for intentional infliction of emotional distress.

### II. PARTIES

2. Plaintiff, Ilianexis Cuevas, is a natural person residing in Enfield, Connecticut.

3. The defendant, NCO Financial Systems, Inc., ("NCO"), is a Pennsylvania corporation and is licensed by the Connecticut Department of Banking as a Consumer Collection Agency.

## III. JURISDICTION

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337 and 1367, and Fed. R. Civ. P. 18(a).

5. This Court has jurisdiction over NCO because it engages in debt collection activities within Connecticut.

6. Venue in this Court is proper, as Plaintiff is a resident of Connecticut and the acts complained of occurred in this state.

## IV. FACTUAL ALLEGATIONS

7. Plaintiff had opened an account through GE Money Bank and accrued a debt ("the Debt"), and that debt was assigned to NCO for collection.

8. Plaintiff subsequently hired an attorney for the purposes of filing for bankruptcy, and the Debt was to be included in the proposed bankruptcy filing.

9. NCO started calling Plaintiff in an attempt to collect the Debt as early as May 2010; Plaintiff had taken at least one of those calls and provided NCO with contact information for her attorney.

10. NCO continued to call Plaintiff despite having been provided with contact information for Plaintiff's attorney; on or around the weekend of July 2, 2010, NCO called Plaintiff as many as twenty times regarding the Debt.

11. Plaintiff became very upset as a result of NCO's continued collection attempts, and as a result, she requested that her attorney's office contact NCO directly.

12. On July 2, 2010, Plaintiff's attorney's office called NCO and spoke with a representative named Annie and provided her with the name, address and phone

number for Plaintiff's attorney and requested that all future correspondence be directed to Plaintiff's attorney.

13. NCO continued to call Plaintiff in an attempt to collect the Debt, notwithstanding it knew or should have known Plaintiff's attorney's contact information.

14. NCO's continued calls to Plaintiff and attempts to collect the Debt from her caused Plaintiff to become very upset and distressed and affected her health, and she began having trouble eating, and she experienced considerable stomach pain which compelled her to see her physician on or around July 15, 2010, and on or around July 19, 2010, an ultrasound was performed on Plaintiff; furthermore, Plaintiff was a diabetic and NCO's incessant collection activity caused the symptoms related to her diabetes to worsen.

15. On or around July 20, 2010, NCO called Plaintiff four times and spoke with Plaintiff in one of those calls, and during that conversation, an NCO representative told Plaintiff that she needed to make a payment and that she needed to provide NCO with a case number for the calls to cease.

## V. COUNT ONE

### Fair Debt Collection Practices Act

16. Plaintiff incorporates Paragraphs 1-15.

17. NCO violated 15 U.S.C. § 1692c(a)(2) by continuing to call Plaintiff even though it knew or should have known contact information for Plaintiff's attorney.

18. NCO violated 15 U.S.C. § 1692e(10) by misrepresenting to Plaintiff that she needed to provide NCO with a case number for the calls to cease.

19. NCO violated 15 U.S.C. § 1692d(5) by calling Plaintiff and engaging her in telephone conversation repeatedly with the intent to annoy and harass Plaintiff;

20. NCO violated 15 U.S.C. § 1692f by its unfair practices described above; and

21. NCO violated 15 U.S.C. § 1692d by harassing and abusing Plaintiff as described above.

22. For NCO's violations of the FDCPA as described above, Plaintiff is entitled to recover her actual damages (including emotional distress related damages), statutory damages of $1,000.00, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

## VI. COUNT TWO

### Intentional Infliction of Emotional Distress

23. Plaintiff incorporates Paragraphs 1-15.

24. NCO Knew, or reasonably should have known, that its conduct would likely cause emotional distress to Plaintiff.

25. NCO's conduct did cause Plaintiff to suffer emotional distress, embarrassment, shame, stress, and anxiety, and it caused Plaintiff to experience physical stomach pain that required medical evaluation and the prescription of medication to alleviate the pain.

## VII. COUNT THREE

### Connecticut Unfair Trade Practices Act

26. Plaintiff incorporates Paragraphs 1-15.

27. NCO violated CUTPA by its debt collection activities described above.

28. NCO's acts as described above were unfair, immoral, unethical, oppressive and unscrupulous as such to cause substantial injury to consumers, especially Plaintiff.

29. The plaintiff has sustained an ascertainable loss as a result of NCO's acts, including but not limited to, the co-pay she paid to see her physician, the cost of an over-the-counter medication prescribed to her by her physician, and costs associated with transporting herself to see her physician.

30. NCO is liable to Plaintiff for her actual damages, attorney's fees and costs, and punitive damages pursuant to Conn. Gen. Stat. § 42-110g.

WHEREFORE, the Plaintiff prays for the following relief:

Actual damages (including emotional distress related damages), statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k; monetary damages pursuant to Conn. Gen. Stat. §42-110g; punitive damages pursuant to Conn. Gen. Stat. § 42-110g; attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g, and such other relief as this Court deems appropriate.

**PLAINTIFF, ILIANEXIS CUEVAS**

By: _____
Daniel S. Blinn, ct02188
Matthew W. Graeber, ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT 06067
Tel. (860) 571-0408; Fax. (860) 571-7457